Ted A. Berkowitz
Veronique A. Urban
FARRELL FRITZ, P.C.
1320 RXR Plaza
Uniondale, NY 11556-1320
Tel:  (516) 227-0700
Fax: (516) 227-0777

*Counsel to Hofstra University*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
In Re:

Harold Adamo, Jr.

     Debtor.
-----------------------------------------------------------------X
Marc A. Pergament, Chapter 7 Trustee of the
Estate of Harold Adamo, Jr.,

       Plaintiff,

     -against-

Hofstra University,

       Defendant.
-----------------------------------------------------------------X

Chapter 7

Case No. 8-14-73640-845

Adv. Proc. No. 816-08122-845

**ANSWER AND AFFIRMATIVE**
**DEFENSES**

      Defendant Hofstra University ("Hofstra"), by and through its counsel, Farrell Fritz, P.C.,

respectfully answers the Plaintiff's Complaint (the "Complaint") as follows:

      1.     The allegations in paragraph 1 of the Complaint set forth legal conclusions to

which no response is required. Without making any admission as to the applicability of any or all

of the authorities cited or admitting any liability thereunder, Hofstra acknowledges that the

Complaint purports to be an action under the statutes referenced in paragraph 1 of the Complaint.

2.      The allegations in paragraph 2 of the Complaint set forth legal conclusions to which no response is required, and if any response is deemed necessary, Hofstra denies the allegations contained therein.

3.      The allegations in paragraph 3 of the Complaint set forth legal conclusions to which no response is required, and if any response is deemed necessary, Hofstra denies the allegations contained therein.

4.      The allegations in paragraph 4 of the Complaint set forth legal conclusions to which no response is required, and if any response is deemed necessary, Hofstra denies the allegations contained therein. To the extent this action is determined to be a core proceeding, Hofstra consents to the entry of final orders and judgments by this Court.

5.      Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.      Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.      Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      The allegations in paragraph 8 of the Complaint set forth legal conclusions to which no response is required, and if any response is deemed necessary, Hofstra denies the allegations contained therein.

9.      Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.      Hofstra admits the allegations set forth in paragraph 10 of the Complaint.

FF\5997855.3

11.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, except avers that Nicholas Adamo was enrolled at Hofstra from 2009 through 2013.

13.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.     Hofstra denies the allegations set forth in paragraph 15 of the Complaint.

16.     The allegations in paragraph 16 of the Complaint set forth legal conclusions to which no response is required, and if any response is deemed necessary, Hofstra denies the allegations contained therein.

17.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, except avers that Andrew Adamo has been enrolled at Hofstra since 2015.

19.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Hofstra denies the allegations set forth in paragraph 21 of the Complaint.

22.     The allegations in paragraph 22 of the Complaint set forth legal conclusions to which no response is required, and if any response is deemed necessary, Hofstra denies the allegations contained therein.

### Answer to Plaintiff's First Claim for Relief

23.     Hofstra repeats and realleges its respective responses to paragraphs 1 through 22 above as if more fully set forth in full herein.

24.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     Hofstra denies the allegations set forth in paragraph 29 of the Complaint.

### Answer to Plaintiff's Second Claim for Relief

30.     Hofstra repeats and realleges its respective responses to paragraphs 1 through 22 above as if more fully set forth in full herein.

31.     Hofstra denies the allegations set forth in paragraph 31 of the Complaint.

32.     Hofstra denies the allegations set forth in paragraph 32 of the Complaint.

33.     Hofstra denies the allegations set forth in paragraph 33 of the Complaint.

FF\5997855.3

34.      Hofstra denies the allegations set forth in paragraph 34 of the Complaint.

### Answer to Plaintiff's Third Claim for Relief

35.      Hofstra repeats and realleges its respective responses to paragraphs 1 through 22 above as if more fully set forth in full herein.

36.      Hofstra denies the allegations set forth in paragraph 36 of the Complaint.

37.      Hofstra denies the allegations set forth in paragraph 37 of the Complaint.

38.      Hofstra denies the allegations set forth in paragraph 38 of the Complaint.

39.      Hofstra denies the allegations set forth in paragraph 39 of the Complaint.

### Answer to Plaintiff's Fourth Claim for Relief

40.      Hofstra repeats and realleges its respective responses to paragraphs 1 through 22 above as if more fully set forth in full herein.

41.      Hofstra denies the allegations set forth in paragraph 41 of the Complaint.

42.      Hofstra denies the allegations set forth in paragraph 42 of the Complaint.

43.      Hofstra denies the allegations set forth in paragraph 43 of the Complaint.

44.      Hofstra denies the allegations set forth in paragraph 44 of the Complaint.

### Answer to Plaintiff's Fifth Claim for Relief

45.      Hofstra repeats and realleges its respective responses to paragraphs 1 through 22 above as if more fully set forth in full herein.

46.      Hofstra denies the allegations set forth in paragraph 46 of the Complaint.

47.      Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48.      Hofstra denies the allegations set forth in paragraph 48 of the Complaint.

49.      Hofstra denies the allegations set forth in paragraph 49 of the Complaint.

5

50.     Hofstra denies the allegations set forth in paragraph 50 of the Complaint.

**Answer to Plaintiff's Sixth Claim for Relief**

51.     Hofstra repeats and realleges its respective responses to paragraphs 1 through 22 above as if more fully set forth in full herein.

52.     Hofstra denies the allegations set forth in paragraph 52 of the Complaint.

53.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.     Hofstra denies the allegations set forth in paragraph 54 of the Complaint.

55.     Hofstra denies the allegations set forth in paragraph 55 of the Complaint.

56.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

57.     Hofstra denies the allegations set forth in paragraph 57 of the Complaint.

**Answer to Plaintiff's Seventh Claim for Relief**

58.     Hofstra repeats and realleges its respective responses to paragraphs 1 through 22 above as if more fully set forth in full herein.

59.     Hofstra denies the allegations set forth in paragraph 59 of the Complaint.

60.     Hofstra has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.     Hofstra denies the allegations set forth in paragraph 61 of the Complaint.

62.     Hofstra denies the allegations set forth in paragraph 62 of the Complaint.

63.     Hofstra denies the allegations set forth in paragraph 63 of the Complaint.

64.     Hofstra denies that the Plaintiff is entitled to any of the relief requested in the WHEREFORE portion of the Complaint.

FF\5997855.3

65.     Hofstra denies each and every allegation stated in the Complaint to which a responsive pleading is required that is otherwise not responded to above.

## AFFIRMATIVE DEFENSES

66.     The Complaint fails to state a claim upon which relief can be granted.

67.     The transfers, to the extent received by Hofstra, cannot be avoided as fraudulent transfers under 11 U.S.C. § 548(a) because, for purposes of 11 U.S.C. § 548(c), Hofstra took the transfers for value and in good faith and gave value to Harold Adamo, Jr. (the "Debtor") in exchange for such transfers.

68.     The transfers, to the extent received by Hofstra, cannot be avoided as fraudulent transfers under the New York Debtor & Creditor Law because, for purposes of the New York Debtor & Creditor Law, Hofstra took the transfers for value and in good faith and gave fair consideration to the Debtor in exchange for such transfers.

69.     The transfers, to the extent received by Hofstra, cannot be avoided as fraudulent transfers under 11 U.S.C. § 548(a) because Hofstra is an immediate or mediate good faith transferee of Nicholas Adamo and Andrew Adamo under Section 550(b) of the Bankruptcy Code.

70.     It would be against public policy to allow the Trustee to recover the alleged transfers.

[Remainder of page intentionally left blank.]

WHEREFORE, Hofstra respectfully requests (1) that judgment be entered in its favor on the Complaint and that the Complaint be dismissed with costs and reasonable attorneys' fees awarded to Hofstra and (2) that this Court grant all other relief to which Hofstra may justly be entitled.

Dated: Uniondale, New York
         November 14, 2016

FARRELL FRITZ, P.C.

By: /s/ *Ted A. Berkowitz*
    Ted A. Berkowitz
    Veronique A. Urban
    1320 RXR Plaza
    Uniondale, New York 11556-1320
    Tel:    (516) 227-0700
    Fax:    (516) 227-0777

FF\5997855.3